UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GINA C. CLEMENTE,
   *Petitioner*,

v.

STATE OF CONNECTICUT,
   *Respondent*.

No. 3:21-cv-408 (JAM)

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Gina C. Clemente is a pretrial detainee in the custody of the Connecticut Department of Correction, and she has filed a *pro se* petition for a writ of habeas corpus. Clemente alleges that she has been wrongfully denied bail and has been mistreated while in prison. But because Clemente has not fully exhausted her claims in the state courts of Connecticut, I will dismiss her petition.

### BACKGROUND

The following allegations are derived primarily from Clemente's habeas corpus petition.[1] Clemente is currently detained pretrial at the York Correctional Institution ("York CI") in Connecticut on a $520,000 bond.[2] She alleges four grounds for relief.[3]

First, Clemente alleges a claim for cruel and unusual punishment in violation of the Eighth Amendment because, when the state court set her bond, it allegedly ignored her medical and mental conditions, as well as her suicidal ideation.[4] Clemente contends that she was denied

---

[1] Doc. #1.
[2] Doc. #1-1 at 1; *id.* at 7.
[3] *See* Doc. #1.
[4] Doc. #1 at 9.

admission to a mental ward even though her doctor recommended admission.[5] Clemente further alleges that, due to her medical condition, she was "given a bond of $10,000 by the bail commissioner's office," but the state court nonetheless set an excessive bail at $520,000 in violation of the Eighth Amendment.[6]

Second, Clemente alleges a claim for deliberate indifference to her serious medical needs under the Eighth Amendment because she was not provided appropriate medical attention for her heart condition and prior stroke.[7] Clemente alleges that she had to wait more than a year for care, and nothing further was done by staff at York CI.[8]

Third, Clemente alleges claims for invasion of privacy and harassment in violation of the Fourth and Fourteenth Amendments.[9] She alleges that a male officer "did not step[ ] out of the medical room to allow [Clemente] to undress. He failed in calling a female officer, as [Clemente] requested."[10] Clemente also claims that she was "harassed by 2 officers" in retaliation, and that she was sanctioned, threatened, and insulted by prison staff members.[11]

Fourth, Clemente alleges "malicious prosecution and biased judgment" because of the state court's failure to consider her medical condition in the context of COVID-19 when denying her bond reduction motions.[12] Because other detainees had their bonds reduced, she claims that the denial of her motions was discriminatory and biased.[13]

---

[5] *Ibid.*
[6] *Ibid.*
[7] *Id.* at 11.
[8] *Ibid.*
[9] *Id.* at 13. Clemente does not state specifically which rights were violated. *Ibid.*
[10] *Ibid.*
[11] *Ibid.*
[12] *Id.* at 15.
[13] *Ibid.*

The State has moved to dismiss her petition.[14] Clemente has filed a response as well as numerous supplemental filings.[15]

### DISCUSSION

Clemente has filed a form petition for writ of habeas corpus that invokes 28 U.S.C. § 2254. A state prisoner who seeks habeas corpus relief under § 2254 must be a "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). But because Clemente is a pretrial detainee, she is not in custody pursuant to a judgment of a state court. For state pre-trial detainees, it is well-established that a petition for writ of habeas corpus should not be treated as a petition that has been filed under 28 U.S.C. § 2254 but instead should be treated as seeking relief under a different habeas corpus statute—28 U.S.C. § 2241. *See Smith v. New Haven Super. Ct.*, 2020 WL 4284565, at *4 (D. Conn. 2020); *Johnson v. New York*, 2012 WL 2861004, at *1 (E.D.N.Y. 2012).

When a state prisoner seeks habeas corpus relief in federal court under § 2241, the prisoner is required first to have fully exhausted any available remedies in state court. "Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, [but] decisional law has superimposed such a requirement in order to accommodate principles of federalism." *U.S. ex rel. Scranton v. State of N.Y.*, 532 F.2d 292, 294 (2d Cir. 1976); *see also Green v. Quiros*, 2021 WL 1670293, at *3 n.2 (D. Conn. 2021) (same).

The fact that a petitioner has initially presented a claim to a state trial court does not ordinarily mean that the petitioner has fully exhausted state court remedies. A claim has not been

---

[14] Doc. #14-1 at 1.
[15] Docs. #8; #11; #12; #13; #15; #17–#22.

fully exhausted until its essential factual and legal premises have been presented to the highest state court capable of reviewing it. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014).

Clemente has not fully exhausted any of her claims. As to her claims relating to her bond, she states that she has filed two motions for bond reduction, which were denied, and then sent letters to the Stamford clerk's office, the "chief of law of CT's office," and the "Judicial Review Counsel."[16] She does not show that she filed and has concluded any appeals. She does not suggest, for example, that she has sought review of the trial court's bond rulings in the Connecticut Appellate Court. "It is axiomatic that the exclusive method to challenge an order pertaining to bail is to file a petition for review with [the Appellate Court] pursuant to General Statutes § 54–63g." *State v. Crosby*, 125 Conn. App. 775, 781 (2011).

As to the remaining claims relating to her alleged mistreatment while in prison, Clemente does not make any showing that she has presented these claims to any state court. The fact that she may have lodged internal prison grievances with prison officials does not mean that she has exhausted her claims as she must in state court. *See, e.g., White v. Ewald*, 2014 WL 5091760, at *2 (E.D.N.Y. 2014). Therefore, Clemente has not fully exhausted her claims stemming from alleged prison mistreatment in the state courts of Connecticut.

It is true that the exhaustion requirement for petitions filed under § 2241 is not absolute. A federal court may excuse a petitioner from exhausting her state court remedies if the petitioner can show cause for failing to do so and prejudice from the alleged violation of federal law, or if the petitioner demonstrates that the failure to consider her claims will result in a fundamental

---

[16] Doc. #1 at 9, 11.

miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Rivera v. Connecticut*, 2022 WL 124248, at *2 (D. Conn. 2022). Clemente has not made any such showing. She has not shown why the state trial and appellate courts of Connecticut are not fully able to consider and rule on her claims.

I note that Clemente has filed a petition for writ of habeas corpus—a type of pleading that inherently and exclusively seeks relief in the form of a release from custody. If Clemente wishes instead to seek other forms of relief for her alleged mistreatment in prison (such as an injunction or money damages), then she may file a separate civil rights action pursuant to 42 U.S.C. § 1983, provided that she first exhausts her administrative remedies with the Department of Correction. *See Rucker v. Giffen*, 997 F.3d 88, 92 (2d Cir. 2021).

## CONCLUSION

The Court GRANTS the State's motion to dismiss (Doc. #14), and the petition for habeas corpus relief (Doc. #1) is DISMISSED without prejudice to filing of a renewed petition after all claims have been fully exhausted in the state courts of Connecticut. The Court DENIES as moot the motion to appoint counsel (Doc. #7). Because Clemente has not made a substantial showing that this ruling denies her constitutional rights, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2).

The Clerk of Court shall enter judgment and close this case.

It is so ordered.

Dated at New Haven this 27th day of January 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge